UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Adam Corliss,                    :
        Petitioner,              :
                                 :
        v.                       :    File No. 1:08-CV-235
                                 :
Robert Hofmann,                  :
        Respondent.              :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1 and 6)

Petitioner Adam Corliss, proceeding *pro se*, has filed a
petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254.  Corliss was convicted in 1995 of First Degree Murder,
and is currently serving a sentence of fifty years to life.
In 2006 he sought re-sentencing, arguing that his sentence
was increased by the trial judge beyond the statutory
maximum in violation of the Sixth Amendment.  The petition
was denied, and in November 2007 the Vermont Supreme Court
affirmed.

Corliss filed his § 2254 petition in October 2008.  The
respondent has moved to dismiss the petition as untimely.
Specifically, the respondent contends that the one-year
statute of limitations expired in 1999, one year after the
Vermont Supreme Court upheld Corliss's conviction.  For the
reasons set forth below, I recommend that the Court GRANT
the respondent's motion and that the petition be DISMISSED.

<u>Factual Background</u>

In 1995, a state court jury found Corliss guilty of murdering a female acquaintance.  The murder victim was repeatedly stabbed in the front seat of her car.  Several of the stabbings were to her hands as she tried to defend herself.  Corliss's knife was found in the road near the victim's body, and his footprints in the snow next to her. He later purchased marijuana with bills soaked in the victim's blood.

The trial court, finding that the murder was "particularly severe, brutal or cruel" under V.S.A. § 2303(c), sentenced Corliss to 50 years to life.  He appealed, and on February 6, 1998, the Vermont Supreme Court affirmed the conviction and sentence.  <u>See</u> <u>State v. Corliss</u>, 168 Vt. 333, 334, 341-42 (1998).  Motions for re-argument were denied on September 15 and 25, 1998.

While in prison, Corliss has engaged in various forms of litigation.  In 2000, he filed a petition for review of governmental action pursuant to Vt. R. Civ. P. 75, claiming that he had not been awarded "good time" credits to which he was allegedly entitled.  The petition was denied, and Corliss's appeal was dismissed as untimely on February 12,

2001. (Paper 6-5 at 1). In 2002, he was one of two plaintiffs in an access to public records suit against the Executive Director of the Vermont Parole Board. Summary judgment was granted to the defendant in May 2003. (Paper 6-9). In April 2003, Corliss and the same co-plaintiff sought a preliminary injunction against the Secretary of Vermont's Agency of Human Resources. The plaintiffs dismissed the action in June 2004.

In 2006, Corliss filed a motion to correct his sentence. The motion argued that the sentence was based upon aggravating factors that were never submitted to a jury and were not proven beyond a reasonable doubt, thus violating the Sixth Amendment. State v. White, 2007 VT 113, ¶ 2, 944 A.2d 203, 205 (Vt. 2007) (consolidated case). He based his argument on the Vermont Supreme Court's decision in State v. Provost, 2005 VT 134, 896 A.2d 55 (Vt. 2005), which in turn was based upon the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004). Id. at ¶ 6, 944 A.2d at 206.

The lower court denied the motion for re-sentencing, holding that Provost could not be applied retroactively to

cases that had become final.  <u>Id.</u> at § 15, 944 A.2d at 210.

Corliss appealed, and the Vermont Supreme Court consolidated

his appeal with two other cases that also raised the

question of <u>Provost</u>'s retroactive effect.  <u>Id.</u> at ¶ 1, 944

A.2d at 205.  On November 9, 2007, the Vermont Supreme Court

affirmed the lower court's decision.  <u>Id.</u>

   Corliss now petitions this Court for a writ of habeas

corpus, arguing that both in trial and on direct appeal his

attorneys preserved the Sixth Amendment issue such that

<u>Provost</u> may be applied retroactively.  The respondent has

moved to dismiss the petition as untimely.

<u>Discussion</u>

I.  <u>One-Year Limitations Period</u>

   The respondent's motion is based upon the one-year

statute of limitations prescribed by the Anti-Terrorism and

Effective Death Penalty Act (the "AEDPA"), 28 U.S.C. §

2244(d)(1).  The AEDPA's statute of limitations begins to

run from the latest of:

> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration
> of the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation
> of the Constitution or laws of the United States
> is removed, if the applicant was prevented from

4

filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by
the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), Corliss's

limitations period expired one year after his conviction

became final.  A conviction becomes final when, after final

state court review, the ninety-day period for filing a

petition for a writ of certiorari to the United States

Supreme Court has expired.  <u>McKinney v. Artuz</u>, 326 F.3d 87,

96 (2d Cir. 2003).  The Vermont Supreme Court issued its

decision denying Corliss's motion for re-argument on

September 25, 1998.  Accordingly, barring any tolling

period, the limitations period commenced on December 24,

1998, and expired on December 24, 1998.

Tolling would apply if Corliss had filed a timely

petition for post-conviction review.  Pursuant to 28 U.S.C.

§ 2244(d)(2), "[t]he time during which a properly filed

application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." However, once the limitations period has expired, a petition for collateral review does not "reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 820 (2000); see LaChance v. Cunningham, 2009 WL 81222, at *5 (N.D.N.Y. Jan. 9, 2009) (collecting cases).

Corliss filed a petition for re-sentencing in 2006, long after his AEDPA limitations period had expired. Although he was involved in other litigation prior to 2006, there is no suggestion in the record that any of those filings constituted "collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Accordingly, the tolling provision in § 2244(d)(2) does not apply.

Corliss may also wish to invoke the exception set forth at § 2244(d)(1)(C), which pertains to newly-recognized constitutional rights. His petition for re-sentencing was based upon a series of Sixth Amendment cases, beginning with the U.S. Supreme Court's decisions in Apprendi and Blakely, and carrying through to the Vermont Supreme Court's Provost

decision in 2005.  Under § 2244(d)(1)(C), the limitations
period commences one year from "the date on which the
constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by
the Supreme Court and made retroactively applicable to cases
on collateral review."

The constitutional right being asserted in this case
was arguably recognized in Apprendi.  Between Apprendi and
Blakely, the Court is willing to use the later Blakely
decision for purposes of this analysis.  Blakely was decided
in 2004.  Corliss had one year from the date of that
decision to file a state court petition for post-conviction
review, thereby tolling the federal limitations period.  The
record indicates that he did not move for re-sentencing
until 2006.  Consequently, his federal limitations period
expired.

Section (d)(1)(C) is also inapplicable because the
cases recognizing the constitutional right have not been
applied retroactively.  Indeed, it is well established both
in this Circuit and under Vermont law that a Sixth Amendment
claim under Blakely or Provost is not retroactively
applicable to cases on collateral review.  Guzman v. United

States, 404 F.3d 139, 141 (2004); White, 2007 VT at ¶ 15, 944 A.2d at 210.

Corliss urges the Court to reverse the Vermont Supreme Court's ruling on retroactivity, arguing that his attorneys properly preserved the Sixth Amendment issue at trial and on appeal. Even assuming a timely § 2254 filing, his argument lacks merit.

Retroactive application of a new rule does not depend upon whether the issue was ever preserved. See United States v. Smith, 241 F.3d 546, 549 (7th Cir. 2001) ("Under Teague v. Lane, 489 U.S. 288 (1989), few constitutional arguments apply retroactively on collateral attack even if properly preserved."); Rogers v. United States, 390 F. Supp. 2d 196, 201 (N.D.N.Y. 2005) (same). Furthermore, the objections cited by Corliss in his brief do not challenge the constitutionality of the sentencing process. At sentencing, counsel allegedly objected to arguments and factual allegations being presented by the State, but did not object to the fact that the judge was considering allegations beyond those presented to the jury. Similarly, appellate counsel objected to the way in which the trial judge employed the sentencing statute, and argued that the

statute was not properly followed. Counsel did not, however, challenge the constitutionality of the statute on Sixth Amendment grounds. Accordingly, to the extent that such a finding is even relevant, the Court should not find that Corliss's Sixth Amendment claim was preserved.

## II. Equitable Tolling

Although not argued by the parties, there can be "rare and exceptional" circumstances in which the one-year statute of limitations is subject to equitable tolling. Smith, 208 F.3d at 17; see also Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. The petitioner bears the burden of showing that he is entitled to equitable tolling. See Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 37 (2d Cir. 2002).

Here, Corliss does not claim that he is entitled to equitable tolling, and has set forth no extraordinary circumstances that prevented him from filing a timely

petition.  Although the Court acknowledges Corliss's efforts after the <u>Provost</u> decision was issued, his arguments were rejected by the state courts and review here is barred by the AEDPA's limitations period.  I therefore recommend that the respondent's motion to dismiss be GRANTED, and that Corliss's § 2254 petition be DENIED.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 6) be GRANTED, and that Corliss's petition for writ of habeas corpus (Paper 1) be DENIED as untimely.

Dated at Burlington, in the District of Vermont, this 6th day of February, 2009.

<u>/s/ John M. Conroy</u>
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).